U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JAN 31 2008

ROBERT H. SHEMWELL, CLERK
BY _____
           DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WANDA CALCOTE COUTEE | : | DOCKET NO. 07-CV-1703 |
| VS. | : | JUDGE MINALDI |
| WAL-MART LOUISIANA, LLC | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

On November 15, 2006, Wanda Calcote Coutee (hereinafter "Coutee") filed suit in the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana, naming as defendant Wal-Mart Louisiana LLC (hereinafter "Wal-Mart"). Coutee claims in her complaint that on November 26, 2005, she was a customer at a Wal-Mart store in DeRidder, Louisiana, when she tripped and suffered injuries to her back and head. Petition ¶ 2 [Exhibit A, Doc. #1]. Coutee seeks damages for past and future medical expenses as well as physical and mental pain and suffering, disability; loss of earning capacity; and loss of enjoyment of life Petition ¶ 5 [Exhibit A., Doc. #1].

On February 18, 2007, Wal-Mart propounded requests for admission through which plaintiff admitted, that her damages did not exceed the sum of $75,000.00. Request for Admission No. 1 and Response to Request for Admission No. 1 [Exhibits B and C, Doc. # 1]. Despite that admission by plaintiff and on October 15, 2007, Wal-Mart removed the case to Federal Court on the basis of diversity of citizenship. 28 U.S.C. § 1441.

In its Notice of Removal, defendant states that Coutee testified in a deposition held

September 25, 2007, that her orthopedic surgeon has recommended back surgery. Wal-Mart maintains that this testimony raises the amount in controversy to more than $75,000 thereby warranting removal. Notice of Removal ¶ 6 [Doc. # 1].[1] There is no dispute that defendant is not a citizen of the State of Louisiana.

On November 15, 2007, Coutee filed the instant motion to remand. [Doc. # 8] While not disputing Wal-Mart's citizenship, plaintiff maintains that "the parties, as set out in the pleadings, are not diverse . . . ." Motion to Remand ¶ 2 [Doc. # 8]. In support of this claim plaintiff suggests that Wal-Mart has produced a list of witnesses all of whom are residents of the State of Louisiana. The witness list, according to plaintiff, includes a tortfeasor who has yet to be identified or joined.[2] Plaintiff maintains that the existence of this non-diverse potential defendant destroys diversity.

The matter is now before the court.[3]

In cases removed on the basis of diversity jurisdiction, there must be complete diversity between the parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332. "Diversity under § 1332(a)(1) must be complete; each plaintiff must have citizenship different from that of each defendant." *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553 at 555 (5th Cir. 1985), quoting *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806); *Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063 (5th Cir.), *cert. den.*, 454 U.S. 972, 102 S. Ct. 521, 70 L. Ed. 2d 391 (1981).

---

[1] Plaintiff admits in both her Motion to Remand and her memorandum in support thereof that the amount in controversy does exceed $75,000.

[2] Plaintiff states she has been unable to discern from discovery which of two of the witnesses listed is the person she believes is a tortfeasor but states that both are residents of the State of Louisiana.

[3] The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff has provided no authority for her position that the existence of a potential litigant who is domiciled in Louisiana destroys diversity. Research fails to reveal any such principle. Plaintiff has named only one defendant in this case and that defendant is not a citizen of the State of Louisiana. The parties agree that the amount in controversy exceeds $75,000.00. Accordingly this court finds that jurisdiction is proper. 28 U.S.C. § 1332.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiffs' motion to remand [Doc. # 8] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 30th day of January, 2008.

KATHLEEN KAY
United States Magistrate Judge